UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON SPEARMAN, ) | |
| CHRISTOPHER THOMAS and ) | |
| DREAM RUSHING, minors by their ) | |
| Mother, SHARON SPEARMAN, ) | |
| ) | Case No.  15 CV 7029 |
| Plaintiffs, ) | |
| ) | Judge Elaine E. Bucklo |
| v. ) | |
| ) | Magistrate Judge Susan E. Cox |
| SGT. ELIZONDO #1340, P.O. CARIBOU ) | |
| #7416, P.O. MOSTOWSKI #12898, P.O. ) | |
| STEPHANS #4337, P.O. HERNANDEZ ) | JURY DEMAND |
| #7387, P.O. ANGEL PENA #7135, ) | |
| P.O. ADRIEN FRANKLIN #9188, ) | |
| P.O. VICKIE WILLIAMS #14382, ) | |
| P.O. IVAR MONDRAGON #16929, ) | |
| P.O. DAVID BROWN #15887, and ) | |
| THE CITY OF CHICAGO, a municipal ) | |
| corporation, ) | |
| Defendants. ) | |

**FIRST AMENED COMPLAINT AT LAW**

NOW COMES the Plaintiff, SHARON SPEARMAN, by and through her attorneys, Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants, SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887, and THE CITY OF CHICAGO, a municipal corporation, as follows:

**COUNT I – UNLAWFUL SEARCH AND ENTRY**

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress

deprivations of the Civil Rights of the Plaintiffs, SHARON SPEARMAN and CHRISTOPHER THOMAS and DREAM RUSHING, minors, by their mother, SHARON SPEARMAN accomplished by acts and/or omissions of the Defendants, SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiffs, SHARON SPEARMAN and CHRISTOPHER THOMAS and DREAM RUSHING, minors, by their mother, SHARON SPEARMAN were at all relevant times United States citizens and residents of the State of Illinois.

4. At all relevant times, the Defendants, SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887 were duly appointed Chicago Police Officers acting within their scope of employment and under color of law.

5. On or about March 1, 2015, the Plaintiffs, SHARON SPEARMAN and CHRISTOPHER THOMAS and DREAM RUSHING, minors, by their mother, SHARON SPEARMAN were in their home at 1235 S. Washtenaw, Apt. 301, Chicago, Illinois.

6. The Defendants, SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887, came to her home and busted down the door.

7. The Defendants entered with guns drawn and pointed weapons at she and the children.

8. The Plaintiff, SHARON SPEARMAN, was handcuffed.

9. The Defendants, told the Plaintiff that they had a warrant for her home.

10. The Plaintiff was not committing a crime or breaking any laws.

11. The Defendants did not have an arrest warrant, probable cause or a search warrant to enter her home.

12. The Defendants destroyed the Plaintiff's door.

13. After terrorizing the Plaintiff's family and unlawfully searching their home, they acknowledged they did not have a search warrant for Plaintiff's home.

14. The Defendants thereafter went to another apartment and broke down their door where on information and belief they confiscated some drugs, paraphernalia and thousands of dollars in cash.

15. To cover up their illegal conduct one or more of the Defendants came back to Plaintiff's home.

16. At that time Sgt. Elizondo left the Plaintiff one thousand ($1,000.00) in cash for "her troubles" and then left.

17. On information and belief this money may have been taken from the confiscated money at the other raid.

18. On information and belief no reports were created or submitted regarding the entry of Plaintiffs home.

19. The Defendants were acting pursuant to the customs, policy and procedures of the Chicago Police Department.

20. As a direct and proximate consequence of said conduct of Defendants, SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887, the Plaintiffs suffered emotional anxiety, fear, humiliation, and pain and suffering.

21. Said actions of the Defendants, SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887, violated the Plaintiffs, Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

22. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiffs, suffered violations of their constitutional rights, emotional anxiety, stress, fear, humiliation, monetary loss, property damage and pain and suffering.

WHEREFORE, the Plaintiffs, SHARON SPEARMAN and CHRISTOPHER THOMAS and DREAM RUSHING, minors, by their mother, SHARON SPEARMAN,

prays for judgment in their favor and against the Defendants, SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887, jointly and severally, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT II – UNLAWFUL SEIZURE

1-19. The Plaintiffs hereby re-allege and incorporate their allegations of paragraphs 1-19 of Count I as their respective allegations of paragraphs 1-20 of Count II as though fully set forth herein.

20. The actions of the Defendants were a seizure and unlawful holding of the Plaintiffs.

21. As a direct and proximate consequence of said conduct of Defendants, SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887, the Plaintiffs suffered emotional anxiety, fear, humiliation, and pain and suffering.

22. Said actions of the Defendants, SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887, violated the Plaintiffs,

Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

23. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiffs, suffered violations of their constitutional rights, emotional anxiety, stress, fear, humiliation, monetary loss, property damage and pain and suffering.

WHEREFORE, the Plaintiffs, SHARON SPEARMAN and CHRISTOPHER THOMAS and DREAM RUSHING, minors, by their mother, SHARON SPEARMAN, prays for judgment in their favor and against the Defendants, SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887, jointly and severally, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

**COUNT III—MONEL CUSTOM PRACTICE POLICY AND PROCEDURES**

1-20. The Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-20 of Count II as their respective allegations of paragraphs 1-20 of Count III as though fully set forth herein.

21. The City of Chicago has a duty and obligation to supervise and discipline its officers to prevent them from violating citizens rights through the power and authority they have.

22. The individual Defendants in this action collectively have over ninety (90) complaint registers lodged against them.

23. The City of Chicago has failed to monitor or supervise their officers which have therefore given them to comfort and sense that they can violate citizen's rights and not be disciplined.

24. This lack of supervision fosters a climate in the ranks of Chicago Police Department that if a citizen's rights are violated they do not have to report it, can look the other way and maintain a code of silence.

25. In November 2012, a Federal Jury returned a verdict affirming the existence of a code of silence within the ranks of the Chicago Police Department and a wide spread custom of practice of failing to investigate and or discipline officers (Obrycka v City of Chicago, 913 F. Supp 2nd 598).

26. As recently as December 8, 2015, the Mayor of the City of Chicago, Rahn Emanuel, acknowledged in a speech to the press, the City Council and the public that there is a prevailing "code of silence" within the Chicago Police Department that must be rectified and corrected.

27. This custom, practice and policy has been specifically prevalent with respect to official misconduct during the course of executing search warrants. For instance, 9 Chicago Police Officers were convicted or pled guilty to Federal criminal allegations of official misconduct between 2007 and 2012 including allegations of stealing money from citizens during the course of traffic stops and or home searches.

28. Indeed, one or said officers alleged during a 2012 interview, that the practice of stealing from citizens during searches was widespread and also well known and condoned by commanding officers.

29. In spite of such well publicized, nationally infamous searches, the code of silence with the Chicago Police Department has continued to persist as further evidenced by the recent case as LaQuan McDonald where the City of Chicago paid 5 million dollars to hush the victim's family and to cover up illegal activity by fighting dissemination of a video of the incident.

30. This persistent and defiant code of silence was the moving force behind the Defendant's actions complained herein.

31. The Defendant Officers, again, who have accumulated an alarmingly high number of complaint registers collectively, illegally entered Plaintiff's home pursuant to a facially invalid search warrant, terrorized them at gunpoint only to leave upon discovering they entered the wrong residence and subsequently attempting to buy Plaintiff's silence --- all the while hoping the Chicago Police Department code of silence would endure that their misconduct would go unpunished.

32. As a result of this custom policy and practice for the City of Chicago the Defendant officers ignored the rights of the Plaintiffs herein.

33. As a result of this custom policy and practice of the City of Chicago the Defendant officers failed to report the unlawful search and entry of the Plaintiff's home and the actions they took thereafter.

34. As a result thereof the Plaintiff's rights were violated in a long standing climate of the Chicago Police Department violating citizens' rights.

35. As a result thereof the Plaintiffs rights were violated and they suffered fear, pain, suffering and emotional distress.

WHEREFORE, the Plaintiffs, SHARON SPEARMAN and CHRISTOPHER THOMAS and DREAM RUSHING, minors, by their mother, SHARON SPEARMAN, prays for judgment in their favor and against the Defendant, CITY OF CHICAGO, for a reasonable amount in compensatory damages, plus attorneys' fees and costs.

### COUNT III—INDEMNIFICATION / CITY OF CHICAGO

1-18. The Plaintiffs re-allege and incorporates the allegations contained in paragraphs 1-18 of Count I as their respective allegations of paragraphs 1-18 of Count III as though fully set forth herein.

19. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

20. Defendants, SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887at all relevant times were employees of the Defendant, CITY OF CHICAGO, and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants SGT. ELIZONDO #1340, P.O. CARIBOU #7416, P.O. MOSTOWSKI #12898, P.O. STEPHANS #4337, P.O. HERNANDEZ #7387, P.O. ADRIEN FRANKLIN #9188, P.O. VICKIE WILLIAMS #14382, P.O. IVAR MONDRAGON #16929, P.O. DAVID BROWN #15887 be found liable for the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against said Defendants.

<u>**JURY DEMAND**</u>

The Plaintiffs, SHARON SPEARMAN and CHRISTOPHER THOMAS and DREAM RUSHING, minors, by their mother, SHARON SPEARMAN, hereby request a trial by jury.

                                         Respectfully submitted,

                                         /s/ Gregory E. Kulis
                                         Gregory E. Kulis & Associates, Ltd.

Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street
Suite 2140
Chicago, Illinois 60602
(312) 255-2100
Email: gkulis@kulislawltd.com
Attorney No: 6180966

Sami Azhari
30 North LaSalle Street
Suite 2140
Chicago, Illinois 60602
Phone: (312) 626-2871
Email: sazhari@azharillc.com
Attorney No: 6294661

\                                                  10